IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER FRALEY, DEBORAH SHIPLEY, KATHY ELROD and DARLENE GRIMSLEY,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL HEALTH CORPORATION,<br><br>Defendant. | No. 3:15-cv-01156<br>Judge Crenshaw<br>Magistrate Judge Frensley |

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Jennifer Fraley, Deborah Shipley, Kathy Elrod and Darlene Grimsley ("Plaintiffs"), on one hand, and Defendant National Health Corporation ("Defendant"), on the other hand, hereby STIPULATE and AGREE as follows:

1. **Definitions.** The following terms will have the following meanings:

"**Action**" means the above-captioned lawsuit.

"**Agreement**" means this "Settlement Agreement and Release."

"**Approval Date**" means the date on which the Court enters an order approving the Settlement as fair, reasonable, and adequate and dismissing the Action with prejudice.

"**Court**" means the United States District Court for the Middle District of Tennessee.

"**Defendant**" means National Health Corporation.

"**Defense Counsel**" means Constangy, Brooks, Smith & Prophete, LLP.

"**Parties**" refers jointly to Defendant and all Plaintiffs.

"**Payout Amount**" means the amounts listed below, totaling $14,013.83. These amounts were calculated based on a formula using each Plaintiff's applicable wage rate and hours worked. To resolve Plaintiffs' claims for both unpaid overtime and liquidated damages, the

1

4545658v.1

total sums to be paid to each Plaintiff are divided in half, with 50% of the payment resolving Plaintiffs' claims for unpaid wages and the remaining 50% resolving Plaintiffs' claims for liquidated damages.

| Name | Individual Settlement Amount |
|---|---|
| Jennifer Fraley | $775.01 |
| Deborah Shipley | $4,800.81 |
| Kathy Elrod | $2,912.30 |
| Darlene Grimsley | $5,525.72 |

"**Individual Settlement Amount**" means the settlement funds to be paid to each Plaintiff as set forth above.

"**Plaintiffs' Counsel**" means Madewell, Jared, Halfacre, Williams & Wilson.

"**Released Parties**" means National Health Corporation, National Healthcare Corporation, NCH/OP, L.P., and any of their owners, parent companies, divisions, franchisors, partners, subsidiaries, affiliates, predecessors, agents, employees, successors, heirs, administrators, executors, assigns, representatives, insurers, officers, or other persons or entities acting on Defendant's behalf.

"**Settlement**" means the terms and conditions described in this Agreement.

2. **Maximum Settlement Amount.** Defendant's maximum monetary payment under the Settlement will consist of the following: (i) payments to Plaintiffs in the total amount of $14,013.83, pursuant to the chart above; and (ii) attorney's fees and litigation expenses of up to $36,000.00, payable to Plaintiffs' Counsel pursuant to Section 6 below. Defendant's total payment under this Settlement will not under any circumstances exceed $50,013.83.

3. **Condition Precedent.** This Settlement is conditioned on passage of the Approval Date.

2

4545658v.1

4. **Release.** Upon passage of the Approval Date and National Health Corporation's fulfillment of its payment obligations under Sections 5-6, each Plaintiff (on behalf of herself and her heirs, spouses, executors, assigns, and representatives) releases and forever discharges the Released Parties from/for any and all past and present matters, claims, demands, and causes of action for unpaid wages, overtime pay, minimum wages, liquidated damages, penalties, attorneys' fees and costs, and interest under the Fair Labor Standards Act, state law, or common law, which any Plaintiff has or might have, known or unknown, that has arisen or could have arisen at any time from the commencement of each Plaintiff's employment with National Health Corporation up to the date of execution of this Agreement.

5. **Payments to Plaintiffs.** Within ten (10) days after the Approval Date, Plaintiffs' counsel will provide Defendant's counsel with an IRS form W-9 for each of the Plaintiffs. Plaintiffs must complete and return an IRS form W-9 in order to receive their settlement payments. Within twenty (20) business days of the Approval Date, Defendant will issue to each Plaintiff (1) a payroll check in the gross amount of half the amount of her Individual Settlement Amount, less all applicable tax and other payroll withholdings; and (2) a non-payroll check for half the amount of her Individual Settlement Amount. Defendant will deliver these checks to Plaintiffs' Counsel within such twenty (20) business day period. If any check remains uncashed 90 days after the Approval Date, Defendant may issue a stop payment on the check and retain all associated funds.

Defendant will issue and mail to each Plaintiff an IRS Form W-2 and an IRS Form 1099 reflecting the respective wage and non-wage payments representing the applicable Settlement

3

4545658v.1

Amount at the appropriate time pursuant to IRS regulations.[1] Plaintiffs are obligated to obtain their own independent tax advice concerning the proper income reporting and tax obligations regarding any and all payments made to them.

6. **Payment of Plaintiffs' Counsel's Fees and Expenses.** Plaintiffs' Counsel will seek (and Defendant will not oppose) Court approval of fees and expenses of $36,000.00. The Settlement is *not* contingent upon the Court's approval of this amount. If the Court approves a lesser amount to Plaintiffs' counsel, any such difference between the amount approved by the Court and the $36,000 shall revert to Defendant. Within twenty (20) business days of the Approval Date, National Health Corporation will mail to Plaintiffs' Counsel a check made payable to Madewell, Jared, Halfacre, Williams & Wilson equaling any Court-approved fees and expenses not to exceed $36,000.00. Plaintiffs' counsel will provide Defendant's counsel with an IRS form W-9 which must be received in order to receive such payment. National Health Corporation will issue to Plaintiffs' Counsel an IRS 1099 Form reflecting this payment at the appropriate time pursuant to IRS regulations. Plaintiffs' Counsel is solely responsible for the payment of any taxes associated with this payment.

7. **Entire Agreement.** This Agreement embodies the entire agreement between the Parties and controls over any prior communications. In entering into the Settlement, no Party has relied on any representations not explicitly contained in this Agreement.

8. **Successors.** The Settlement and this Agreement will inure to the benefit of and be binding upon the Parties' heirs and successors.

---

[1] To assist with this process, Plaintiffs' Counsel will provide to Defense Counsel a spreadsheet listing each Plaintiff's most up-to-date address as of the Approval Date.

4

4545658v.1

9. **No Admissions.** Nothing in this Agreement constitutes an admission or suggestion of liability by any Party. Defendant denies any wrongdoing and continues to assert that, absent this Settlement, it ultimately would prevail in the Action.

10. **Court Approval Not Obtained.** If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendant will not have waived, compromised, or impacted any objections or defenses to Plaintiffs' claims. The Parties will promptly attempt to address any concerns raised by the Court and resubmit a revised settlement agreement, if possible.

11. **Voiding the Agreement.** This Agreement is contingent upon the proper execution of this Agreement by Jennifer Fraley, Deborah Shipley, Kathy Elrod and Darlene Grimsley. Defendant retains the right to void the Agreement if fewer than all four Plaintiffs sign this Agreement within a reasonable time frame of receipt.

If, in approving this Agreement, the Court reduces the allocation of Plaintiffs' Counsel's attorneys' fees or costs, such reduction shall not be considered a material change to this Agreement, and the Parties agree that the remainder of this Agreement shall remain enforceable.

12. **Warranty of Authority.** Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the Party that he/she purports to represent.

13. **Applicable Law.** This Agreement is governed and construed pursuant to Tennessee law.

14. **Written Modifications.** This Agreement may not be modified except by a written agreement signed by all Parties and approval by the Court.

15. **Execution.** This Agreement may be executed in counterparts that, taken together, will constitute the entire Agreement.

IN WITNESS WHEREOF, and intending to be legally bound, the Parties execute this Agreement on the dates indicated below:

_[signature]_
Jennifer Fraley          6/6/17
                         Date

_[signature]_
Kathy Elrod              6/6/17
                         Date

_[signature]_
Darlene Grimsley         6/6/17
                         Date

_[signature]_
Deborah Shipley          6/4/2017
                         Date

_[signature]_
For National Health Corporation    6/1/2017
                                   Date

6

4545658v.1